VOTO CONCURRENTE DEL
JUEZ APONTE JIMENEZ
2001DTA 52
San Juan, Puerto Rico, a 16 de noviembre de 2000
Aunque concurro con el resultado de la resolución que acogen mis dos informadas compañeras de panel al denegar los recursos de certiorari establecidos, no puedo unir mi voto en lo concerniente a la discusión del planteamiento levantado en el mismo que impugna la determinación del foro de instancia al éste negarse a dictar sentencia sumaria a favor de Plaza Las Américas y Kmart.
A mi juicio, para adjudicar ese asunto, es innecesario acudir y discutir lo referente a las obligaciones derivadas de derechos reales vis a vis las de derechos personales. No podemos olvidar que los autos ante nos reflejan que en el contrato de arrendamiento otorgado entre "Fringe Area II S.E." y Kmart, se dio conocimiento a esta última sobre la existencia de la cláusula de exclusividad para la operación de supermercado o "grocery store" incluida en el contrato con Pueblo y que dicha parte se obligó a no operar o permitir la operación de "ningún supermarket, grocery o convenience store" durante la vigencia del contrato con Pueblo.
De otra parte, si determinamos confirmar al Tribunal de Primera Instancia en relación con la presentación de pmeba extrínseca para adjudicar cuál fue la intención de Plaza al suscribir, tanto el contrato de arrendamiento con Pueblo como el de Kmart y su alcance, también resulta ocioso en esta etapa discutir si existió o no una novación al otorgarse entre Pueblo y Plaza la escritura sobre servidumbre en equidad. Esto le corresponde dilucidarlo a la jueza de instancia, luego de presentarse la permitida prueba extrínseca sobre intención.
Para mí es suficiente en ese sentido, expresar que en base a los autos y las alegaciones de las partes, particularmente la de los peticionarios, existe controversia sobre cuál fue la intención de Plaza y Pueblo al incluir en el contrato de arrendamiento, luego elevado a escritura pública, la cláusula 14(b) y después Plaza otorgar el de Kmart. De tal forma, ello es suficiente para impedir que se dicte la sentencia sumaria solicitada.
Finalmente, no podemos perder de perspectiva que estamos ante una solicitud de sentencia sumaria formulada por los peticionarios basada en que la referida escritura de servidumbre en equidad otorgada por Plaza a favor de Pueblo, modificó la cláusula 14(b) del contrato de arrendamiento suscrito antes por éstos. Sobre ese particular, basta con resolver que de su faz existe compatibilidad entre ambos documentos, i.e., el contrato de arrendamiento y la escritura sobre constitución de servidumbre en equidad, sin entrar a considerar la normativa relacionada con derechos reales y personales nuevamente, así como el efecto contra terceros que conlleva la inscripción del contrato de arrendamiento de Pueblo en el Registro de la Propiedad. La discusión relativa a las aludidas figuras y principios en lugar de reencauzar y limitar la promoción de controversias, podría dar margen a desviarlas y ampliarlas. Por esas razones, mi voto es para concurrir con el resultado que determina denegar el auto de certiorari solicitado, aunque coincida con la discusión del resto de los asuntos considerados.
JOSE M. APONTE JIMENEZ
Juez de Apelaciones